UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

**In re:**                                                              **Case No: 16-10305-LMI**

**PETITUSA, LLC**                                              **Chapter 11**


    **Debtor.**
_____/

**DEBTOR'S EMERGENCY MOTION TO ENFORCE AUTOMATIC STAY
AND FOR VIOLATION OF THE AUTOMATIC STAY**

**Basis for Emergency Relief**

**The Debtor's Landlord (defined below) has knowingly violated 11 U.S.C. § 362(a) by: (a) continuing judicial proceedings against the Debtor in Miami Dade County Circuit Court; (b) enforcing their pre-petition judgment against the Debtor; (c) by proceeding against alleged property of the estate; (d) attempting to obtain possession of alleged property of the estate; (e) attempting to exercise control over alleged property of the estate; and (g) acting to collect, assess, or recover claims against the Debtor that arose before the commencement of this case. As a result, emergency relief is required to prevent actual loss of estate property, diminution of value of the Debtor's estate, and any further interruption in the Debtor's business. Pursuant to Local Rule 9075-1(B), the Debtor has made a *bona fide* effort to resolve the matter without hearing. Due to the emergency nature of the matter and the urgency of the relief requested, the Debtor respectfully requests that this Court set this matter for hearing on Monday, January 11, 2016, or as soon as practicable thereafter.**

Debtor and debtor-in-posession PetitUSA, LLC (the "Debtor"), by and through its proposed counsel and pursuant to 11 U.S.C. § 362, hereby files this Emergency Motion to Enforce Automatic Stay and a Motion for Violation of the Automatic Stay as to Creditor, Purdy Partners 1929, LLC ("Landlord"), with respect to its efforts to proceed in Miami Dade County post-petition with an eviction proceeding arising from a pre-petition order from the Miami Dade County Circuit Court and in support states:

**Preliminary Statement**

1.  On January 8, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.  The Debtor is operating its business as Debtor-in-possession pursuant to Bankruptcy Code Sections 1107 and 1108.  No trustee, examiner, or official committee of unsecured creditors has been appointed to date.

3.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. §157(b).

**Background**

4.  Since 2012, Debtor leased from Landlord the real private property located at 1929 Purdy Avenue, Miami Beach Florida 33139 (the "Property"), legally described as:

> ISLAND VIEW ADDN PB 9-144 W75FT OF LOT 4 BLK 14 A
> LOT SIZE 50.000 X 75 OR 21086-4971 0303 1 COC 25726-1166
> 06 2007.

5.  Debtor operates an upscale Italian/Mediterranean restaurant at the Property.

6.  Within the past year, the owners and operators of PetitUSA have spent a substantial amount of money in renovation and improvements to the Property, all with Landlord's knowledge.

7.  Beginning in May of 2015, the City of Miami Beach authorized and initiated road construction activities in the area directly surrounding the Property.

8.  Since the project began in early 2015, the City of Miami Beach had been temporarily closing portions of the roadway and sidewalks in order to perform construction on the exterior of the Property, including the adjacent sidewalk, roadway, and point of access to the Property.

9. However, on or around the beginning of October 2015, the construction work became so extensive that the roadway and sidewalk directly in front of and surrounding the Property were completely demolished, causing a complete and total loss of access to the Property.

10. Since access to the property was entirely obstructed, customers were unable to safely enter the Property and Debtor was unable to operate the restaurant.

11. Furthermore, the City of Miami Beach failed to provide any alternative means of access to the Property during the period of extensive construction.

12. As a result, Debtor suffered a significant decline in revenue and was unable to make its monthly rent payments.

13. On or around November 13, 2015, Debotr sent a letter to the City of Miami Beach requesting that the City of Miami Beach address Debtor's issues regarding the lack of ingress and egress to the Property. However, despite Debtor's attempt to resolve these issues with the City of Miami Beach, the City of Miami Beach failed to address the situation or even attempt to remediate or lessen the substantial impact and disruption the construction caused to Debtor's business.

14. Landlord, which consists of the Mayor of Miami Beach and one of the largest land owners in the City of Miami Beach, had full knowledge of the construction and the effect that the extensive work had on Debtor's business, refused to negotiate any accommodations in the rental payments.

15. As a result, Landlord filed a Complaint for Eviction and Damages on November 11, 2015.

16. On January 8, 2016, Landlord's representative and a deputy sheriff arrived at the restaurant and insisted that the owners of Debtor surrender the keys to the restaurant and vacate the premises in connection with a Writ of Possession.

17. At such time, Debtor informed the sheriff and Landlord's representative that Debtor had filed a bankruptcy and any further action would be a direct violation of the automatic stay.

18. Moreover, Landlord's counsel was advised of Debtor's filing of a bankruptcy petition and Debtor's counsel requested that Landlord cease its conduct.

19. Despite the fact that Landlord's counsel, Landlord's representative, and the deputy sheriff all had actual knowledge of the filing of the bankruptcy petition, the deputy sheriff and Landlord's representative improperly continued to demand that Debtor surrender the keys and vacate the premises.

20. Consequently, Debtor was forced to close the restaurant, which has caused the Debtor a substantial amount of damages, and the Debtor is presently unable to operate the restaurant.

**Legal Argument**

21. Upon the filing of a bankruptcy petition, 11 U.S.C. § 362 automatically imposes a stay upon most actions by creditors to satisfy their claims against the debtor. "[t]he automatic stay imposed by 11 U.S.C. § 362(a)(1) takes effect at the time the bankruptcy petition is filed, regardless of whether the creditor or other affected entity has knowledge of the bankruptcy." *In re Keen,* 301 B.R. 749, 753 (Bankr. S.D. Fla. 2003).

22. However, having actual knowledge of a bankruptcy filing and continuing to proceed with a violative action, or failing "to take action to undo an innocent violation of the automatic stay constitutes a willful violation of the stay." *Id.* "A willful violation of the

4

automatic stay occurs when the creditor acts deliberately with knowledge of the bankruptcy petition." *Knaus v. Concordia Lumber Company, Inc. (In re Knaus)*, 889 F. 2d 773, 775 (8th Cir. 1989).  The failure to correct an action done in violation of an automatic stay has likewise been held to be an act of contempt.  *Id*.; See also *In re Rhodes*, 155 B.R. 491 (W.D. Ark. 1993); *Abrams v. Southwest Leasing and Rental, Inc. (In re Abrams)*, 127 B.R. 239, 241-42 (Bankr. 9th Cir. 1991).

23.    Upon a willful stay violation, Section 362(k)(1) provides that "… an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages."

**Relief Requested**

24.    Landlord has willfully violated the automatic stay by continuing to proceed with a state court eviction proceeding, even after having actual knowledge of this bankruptcy filing. Landlord's willful stay violation has shut down the Debtor's restaurant business, causing actual loss in revenue, together with loss in perishable foodstuffs and other inventory already purchased by the Debtor, all at great cost to the Debtor, its employees, and the Debtor's estate.

25.    Punitive damages are also appropriate in this case, because Landlord's willful violation of the automatic stay continued, not only after Debtor's proposed counsel placed Landlord on actual notice of the bankruptcy filing, but even after repeated calls to Landlord and Landlord's counsel explaining the stay violation and potential consequences. By refusing to halt the eviction proceedings and correct their stay knowing stay violation, Landlord has shown blatant disrespect for the bankruptcy code and the authority of this Court, and, together with compensating the Debtor for the Debtor's actual losses stemming from Landlord's stay violation, Landlord should be punished accordingly.

**WHEREFORE**, for the foregoing reasons, the Debtor, PetitUSA, LLC, respectfully requests that this Court enter an Order: (a) finding Landlord, Purdy Partners 1929, LLC, in civil contempt of Court for their willful violation of the automatic stay imposed by Section 362; (b) compelling Landlord to purge its contempt by immediately halting the eviction proceeding and returning possession of the premises to the Debtor; (c) awarding sanctions in the form of actual damages incurred by the Debtor due to Landlord's will stay violation, including but not limited to those damages arising from loss in revenues, inventory, and all other monetary losses stemming from the forced closure of the Debtor's business; (d) awarding punitive damages in an amount to be determined by this Court as punishment for Landlord's willful violation of the automatic stay; and (e) granting any and all other and further relief this Court deems just and proper.

Respectfully submitted,

**MARSHALL SOCARRAS GRANT, P.L.**
Proposed Attorneys for the Debtor In Possession
197 South Federal Highway, Suite 300
Boca Raton, Florida  33432
Telephone No. 561.361.1000
Facsimile No. 561.672.7581
Email:  jgrant@msglaw.com
Email:  amarshall@msglaw.com

By: /s/ Joe M. Grant
    JOE M. GRANT
    Florida Bar No. 137758
    ADAM D. MARSHALL
    Florida Bar No. 579823
    STEPHEN J. LEARY
    Florida Bar No. 111599
    MELISSA A. DURSI
    Florida Bar No. 118638

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 8th day of January, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

                        /s/ Joe M. Grant
                        JOE M. GRANT

## SERVICE LIST

**ELECTRONIC MAIL**

Bernard Allen, Esq., Katz Barron Squitero Faust, Counsel for Plaintiff
ba@katzbarron.com; gmp@katzbarron.com; miaefile@katzbarron.com

**U.S. MAIL**

*U.S. Trustee*
**Office of the US Trustee**
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130