

ORDERED in the Southern District of Florida on January 13, 2016.

_Laurel M. Isicoff_
**Laurel M. Isicoff, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

PETITUSA, LLC                                        Chapter 11
   Debtor.                                          Case No. 16-10305-BKC-LMI
_____/

**AGREED ORDER ON DEBTOR'S EMERGENCY MOTION TO
ENFORCE AUTOMATIC STAY [ECF No. 3]**

THIS CAUSE having come before the Court on January 12, 2016 at 10:30 a.m. in connection with a continued hearing on PetitUSA, LLC's ("***Debtor***") Emergency Motion to Enforce Automatic Stay and Motion for Violation of the Automatic Stay ("***Motion***") [ECF No. 3] as to Creditor, Purdy Partners 1929, LLC ("***Landlord***") (Debtor and Landlord are referred to as the "***Parties***"), and upon review of the file and being fully advised of the premises, including the agreement of the Parties (the terms of which are incorporated into this order),

**IT IS ADJUDGED** as follows:

1. The Court shall conduct an evidentiary hearing on the Debtor's Motion on the morning of **February 9, 2016** beginning at **8:30 am** and continuing on the morning of February 22, 2016, if necessary ("*Hearing*"). The Parties will present evidence and legal argument on whether the Writ of Possession was executed before the Bankruptcy Petition was filed at 2:59 pm on January 8, 2016 (the "*Petition Date*"), and whether the Debtor was removed from possession of the Premises pursuant to Florida law. The Court will further consider whether the Judgment of Eviction or other evidence terminated the Lease regardless of whether the Debtor was removed from possession of the Premises before the Bankruptcy Petition was filed.

2. The Parties may submit briefs and legal memoranda in support of their respective positions no later than three (3) business days prior to the Hearing. The discovery cutoff shall be seven (7) business days prior to the Hearing. The Parties are encouraged to work together to schedule discovery and resolve any discovery disputes without the need for Court intervention.

3. As of the day the Bankruptcy Petition was filed, the Landlord had possession of the Premises ("*status quo*"). Whether such possession was in violation of the automatic stay shall be determined at the Hearing. In the meantime, the Landlord shall supply the Debtor with possession of the Premises by providing access and the keys to the Premises by 3:00 pm on January 12, 2016. The Debtor shall change the locks of the Premises at its own expense.

4. If the Court rules at the Hearing that the stay was not violated by the Landlord, the Debtor shall, within twenty four (24) hours of the entry of an Order by the Court stating such ruling, provide possession of the Premises to the Landlord. If the Debtor refuses to do so, this Order shall serve as relief from the automatic stay and the Landlord shall have the immediate right to execute upon the Writ of Possession or, if necessary, have a new Writ of Possession entered and executed. If the Court rules that the stay was violated and that the Debtor had a right

to possession as of the Petition Date, the Debtor may retain possession of the Premises subject to whatever rights the Court determines the Parties may have.  The Landlord shall not be liable for any damages to the Debtor as a result of any such violation of the automatic stay, other than lost profits from the Petition Date through January 12, 2016.  The Landlord shall retain any and all rights it may have under the Lease and Florida Law.  Nothing shall be determined to afford the Debtor any greater rights than the Debtor had as of the filing of the Bankruptcy Petition.

5. The Parties shall, within two (2) days of the entry of this Order have an order entered in the State Court Action pursuant to which the Clerk of the Court shall release $49,140.44 in the Registry of the Court to the Landlord or its counsel, Katz Barron Squitero Faust.  This Order shall serve as relief from the automatic stay to obtain the release of such funds from the Court Registry.  The Landlord shall apply these funds to the obligations of the Debtor under the Lease as authorized by the terms of the Lease and Florida law.  The Debtor shall remain current on all Lease obligations, including the payment of rent post-petition.  Such rent shall be paid directly to the Landlord.  If the Debtor fails to timely remit any post-petition rent that is due prior to the Hearing, possession of the Premises shall be turned over to the Landlord in accordance with paragraph 3, *supra*.

\#
\#
\#
\#
\#
\#
\#

      6.      The Debtor waives any and all claims and defenses it raised or could have raised in the State Court Action against the Landlord.

###

**Submitted by:**
Joseph M. Wasserkrug, Esquire
Fla. Bar No: 112274
jwasserkrug@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
*Counsel for Landlord, Purdy Partners 1929, LLC*
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Facsimile: (305) 358-1221

**Copies Furnished To:**
Joseph M. Wasserkrug, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.